Dear Representative Bowler:
Our office is in receipt of your request for an Attorney General's opinion, asking whether the Louisiana Wildlife 
Fisheries Commission must hold a public meeting prior to deciding whether to open or close a shrimp season.
The procedure which the Commission must follow to open or close a shrimp season is found in La. R.S. 56:497(A) 4. This subsection provides:
 The Commission shall conduct a public hearing prior to determining whether or not to open or close a regular or special season. The commission shall give at least three days notice prior to the hearing on the decision to open or close a regular shrimp season and at least three days notice prior to the hearing on the decision to open or close a special season. The notice shall set forth the agenda and the date, time and place for each hearing. At the public hearing, the commission shall adopt written reasons for its decision and such reasons shall specify the biological and technical market standard by which the data is evaluated. Such decision shall not be effective until at least seventy-two hours after the decision is made.
Prior to establishing the opening and closure dates for the two legislatively mandated shrimp seasons,[1] the above quoted section requires the Commission to hold public hearings. Further, once the opening and closure dates have been set they cannot take effect for at least seventy-two hours.
In practice, for the brown, or spring, shrimp season the Commission holds one public hearing at which set an opening date is set and the Secretary is authorized to close the season when certain biological and technical data occur. More specifically, when the white shrimp in a weeks worth of test trawls conducted by Department personnel reach 15% of the total catch, the Secretary closes the season, effective after the requisite seventy-two hours notice. The Commission does not hold an additional hearing prior to closing the season.
For shrimp seasons, time is essential when the need to close a season arises. The specific date of closure cannot be determined in advance as it can for the opening of the season. When white shrimp begin showing up in sufficient numbers, the brown shrimp season must be promptly shut down to preserve the white shrimp season. To require a public hearing, and all the notice requirements pertaining thereto, prior to closing the season would be impractical, and harmful to the shrimping industry.
When interpreting acts of the Legislature, the meaning of a provision should be one that gives it a rational and beneficial meaning rather than an irrational and injurious one.[2]
If there is more than one possible interpretation of a provision, the one that provides a rational and beneficial meaning should be adopted. A public meeting is held prior to the opening of the shrimp season and due notice of this meeting is given. At this meeting the Commission authorizes the Secretary to close the season when the biological and technical data indicate the need to do so.
In general, the purpose of a public hearing is to allow the public a chance to observe and participate in the decision making process.[3] Holding a public meeting prior to the opening of the shrimp season and allowing the secretary to close the season without the necessity of a second public hearing serves the dual purpose of apprising the public of the shrimp season and allowing protection of one of Louisiana's most important natural resources, shrimp. Further, at the public hearing, the public is given the opportunity to observe and participate in the decision making process for both the opening and closure dates of the season.
It is the opinion of this office that the Commission is not required to hold an additional public hearing prior to closing the brown shrimp season and that the current procedure is consistent with the language of the statute.
We hope this meets your inquiry, but should you have any additional questions or comments, please contact our office at your convenience.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ FREDERICK C. WHITROCK Assistant Attorney General
RPI/FCW/tp
[1] La. R.S. 56:497 (A)(7)
[2] Curatorship of Parks, 26 So.2d 289 (La. 1946)
[3] Attorney General Opinion 78-839